1
2
3
4
5
6
7

*E-Filed 5/24/10*

8
UNITED STATES DISTRICT COURT

9
NORTHERN DISTRICT OF CALIFORNIA

10
SAN FRANCISCO DIVISION

11

12
REGINALD RAY YORK,                           No. C 09-6080 RS (PR)

13
          Plaintiff,                         **ORDER OF SERVICE;**

14
     v.                                      **DIRECTING DEFENDANTS TO FILE**
                                             **DISPOSITIVE MOTION OR NOTICE**
15
J. HERNANDEZ, et al.,                        **REGARDING SUCH MOTION;**

16
          Defendants.                        **INSTRUCTIONS TO CLERK**
                                     /
17

18
          This is a federal civil rights action filed pursuant to 28 U.S.C. § 1983 by plaintiff, a

19
state prisoner proceeding *pro se*, against officials and employees of Soledad State Prison and

20
the California Department of Corrections.  The Court now reviews the complaint pursuant to

21
28 U.S.C. § 1915A(a).

22
                                        **DISCUSSION**

23
**A.      Standard of Review**

24
          Federal courts must engage in a preliminary screening of cases in which prisoners

25
seek redress from a governmental entity or officer or employee of a governmental entity.  28

26
U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or

27
any portion of it, if the complaint "is frivolous, malicious, or fails to state a claim upon which

28

United States District Court
For the Northern District of California

1  relief may be granted," or "seeks monetary relief from a defendant who is immune from such

2  relief." *Id*. § 1915A(b).  Pro se pleadings must nonetheless be liberally construed. *Balistreri*

3  *v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

4         To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that

5  a right secured by the Constitution or laws of the United States was violated, and (2) that the

6  alleged violation was committed by a person acting under the color of state law. *West v.*

7  *Atkins*, 487 U.S. 42, 48 (1988).

8  **B.      Background**

9         Plaintiff alleges that defendant J. Hernandez, a correctional officer at Soledad, used

10  excessive force against plaintiff when he sprayed plaintiff with MK9-OC during an argument

11  about a CD player, and, with other correctional officers, restrained plaintiff and placed him in

12  administrative segregation.  Plaintiff also alleges that he suffered permanent damage to his

13  eyes, and received an eighteen-month term in the secured housing unit.

14  **C.      Legal Claims**

15         Plaintiff alleges that (1) defendant Hernandez violated his Eighth and Fourteenth

16  Amendment rights when he used excessive force against plaintiff, and filed false statements

17  to cover up his conduct toward plaintiff; (2) defendant N. Grannis violated his due process

18  and free speech rights when she denied his prison grievance as untimely; and (3) in an

19  unrelated incident, defendant Debbie Wikoff, plaintiff's work supervisor, retaliated against

20  plaintiff for various reasons in violation of his First Amendment rights.  Liberally construed,

21  claims (1) and (2) are cognizable under § 1983.

22         Plaintiff's third claim is DISMISSED without prejudice because it is not related to the

23  two other claims.   A plaintiff may properly join as many claims as he has against an

24  opposing party. Fed. R. Civ. P. 18(a).  Nevertheless, while multiple claims against a single

25  party may be alleged in a single complaint, unrelated claims against different defendants

26  must be alleged in separate complaints. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir.

27  2007) (finding, under Rule 18(a), prisoner improperly brought complaint raising fifty distinct

28

claims against twenty-four defendants).  Further, parties may be joined as defendants only if "there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a).  As a practical matter, this means that claims involving different parties cannot be joined together in one complaint if the facts giving rise to the claims were not factually related in some way — that is, if there was not "similarity in the factual background of a claim."  *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997).  General allegations are not sufficient to constitute similarity when the specifics are different.  *Id.*  The court, on its own initiative, may dismiss misjoined parties from an action, and any claim against a misjoined party may be severed and proceeded with separately.  Fed. R. Civ. P. 21.  Plaintiff's claims against defendant Wikoff are DISMISSED without prejudice on grounds that such claims are entirely unrelated to the other two claims.  If plaintiff seeks relief for the claims against Wikoff, he must file a separate action.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1.     The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint in this matter, all attachments thereto, and a copy of this order upon J. Hernandez at Soledad State Prison, and upon N. Grannis, Chief of Inmate Appeals, at the California Department of Corrections in Sacramento, CA.  The Clerk shall also mail courtesy copies of the complaint and this order to the California Attorney General's Office.

3.     No later than ninety (90) days from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the amended complaint found to be cognizable above.

a.     If defendants elect to file a motion to dismiss on the grounds plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),

**United States District Court**
For the Northern District of California

1  defendants shall do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*,

2  315 F.3d 1108, 1119–20 (9th Cir. 2003), cert. denied *Alameida v. Terhune*, 540 U.S. 810

3  (2003).

4        b.    Any motion for summary judgment shall be supported by adequate

5  factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of

6  Civil Procedure.  Defendants are advised that summary judgment cannot be granted, nor

7  qualified immunity found, if material facts are in dispute.  If any defendant is of the opinion

8  that this case cannot be resolved by summary judgment, he shall so inform the Court prior to

9  the date the summary judgment motion is due.

10      4.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and

11  served on defendants no later than forty-five (45) days from the date defendants' motion is

12  filed.

13        a.    In the event the defendants file an unenumerated motion to dismiss

14  under Rule 12(b), plaintiff is hereby cautioned as follows:

15      The defendants have made a motion to dismiss pursuant to Rule 12(b) of the

16  Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative

17  remedies.  The motion will, if granted, result in the dismissal of your case.  When a party you

18  are suing makes a motion to dismiss for failure to exhaust, and that motion is properly

19  supported by declarations (or other sworn testimony) and/or documents, you may not simply

20  rely on what your complaint says.  Instead, you must set out specific facts in declarations,

21  depositions, answers to interrogatories, or documents, that contradict the facts shown in the

22  defendant's declarations and documents and show that you have in fact exhausted your

23  claims.  If you do not submit your own evidence in opposition, the motion to dismiss, if

24  appropriate, may be granted and the case dismissed.

25        b.    In the event defendants file a motion for summary judgment,

26  the Ninth Circuit has held that the following notice should be given to plaintiffs:

27      The defendants have made a motion for summary  judgment by which they

28

No. C 09-6080 RS (PR)
ORDER OF SERVICE

4

**United States District Court**
For the Northern District of California

1   seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the

2   Federal Rules of Civil Procedure will, if granted, end your case.

3             Rule 56 tells you what you must do in order to oppose a motion for summary

4   judgment.  Generally, summary judgment must be granted when there is no genuine issue of

5   material fact — that is,  if there is no real dispute about any fact that would affect the result

6   of your case, the party who asked for summary judgment is entitled to judgment as a matter

7   of law, which will end your case.  When a party you are suing makes a motion for summary

8   judgment that is properly supported by declarations (or other sworn testimony), you cannot

9   simply rely on what your complaint says.  Instead, you must set out specific facts in

10  declarations, depositions, answers to interrogatories, or authenticated documents, as provided

11  in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents

12  and show that there is a genuine issue of material fact for trial.  If you do not submit your

13  own evidence in opposition, summary judgment, if appropriate, may be entered against you.

14  If summary judgment is granted in favor of defendants, your case will be dismissed and there

15  will be no trial.  *See Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff

16  is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v.*

17  *Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward

18  with evidence showing triable issues of material fact on every essential element of his claim).

19  Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary

20  judgment may be deemed to be a consent by plaintiff to the granting of the motion, and

21  granting of judgment against plaintiff without a trial.  *See Ghazali v. Moran*, 46 F.3d 52,

22  53-54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

23       5.     Defendants shall file a reply brief no later than fifteen (15) days after plaintiff's

24  opposition is filed.

25       6.     The motion shall be deemed submitted as of the date the reply brief is due.  No

26  hearing will be held on the motion unless the Court so orders at a later date.

27       7.     All communications by the plaintiff with the Court must be served on

28

No. C 09-6080 RS (PR)
ORDER OF SERVICE

5

1 defendants, or defendants' counsel once counsel has been designated, by mailing a true copy

2 of the document to defendants or defendants' counsel.

3        8.     Discovery may be taken in accordance with the Federal Rules of Civil

4 Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local

5 Rule 16-1 is required before the parties may conduct discovery.

6        9.     It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

7 court informed of any change of address and must comply with the court's orders in a timely

8 fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute

9 pursuant to Federal Rule of Civil Procedure 41(b).

10      10.    Extensions of time must be filed no later than the deadline sought to be

11 extended and must be accompanied by a showing of good cause.

12      11.    Plaintiff's claims against Wikoff are DISMISSED without prejudice.

13      **IT IS SO ORDERED**.

14 DATED:  May 24, 2010

15                    RICHARD SEEBORG
United States District Judge

*United States District Court*
*For the Northern District of California*

No. C 09-6080 RS (PR)
ORDER OF SERVICE