IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| REGINALD R. YORK, | ) | No. C 09-6080 LHK (PR) |
| Plaintiff, | ) ) | ORDER OF PARTIAL DISMISSAL; ORDER OF SERVICE; DIRECTING |
| v. | ) ) | DEFENDANT TO FILE DISPOSITIVE MOTION OR |
| J. HERNANDEZ and N. GRANNIS, | ) ) | NOTICE REGARDING SUCH MOTION; DENYING REQUEST |
| Defendants. | ) ) | FOR APPOINTMENT OF COUNSEL |

Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that Prison Guard J. Hernandez and Inmate Appeals Officer N. Grannis violated his constitutional rights. For the reasons that follow, the Court dismisses N. Grannis and serves J. Hernandez.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v.*

Order of Partial Dismissal; Order of Service; Directing Defendant to File Dispositive Motion or Notice Regarding Such Motion; Denying Request for Appointment of Counsel
P:\PRO-SE\SJ.LHK\CR.09\York080dissrv.wpd

1  *Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

2   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.   Plaintiff's Claims

Plaintiff alleges that on February 15, 2005, Hernandez was conducting a cell search at Salinas Valley State Prison when he saw a boom box sitting in Plaintiff's cell. Hernandez remarked that the boom box was his and continued his cell searches. The following day, Hernandez returned to Plaintiff's cell and demanded the boom box. Plaintiff refused to give it to him. Hernandez proposed that he would conduct a cell search and obtain possession of the boom box. Plaintiff threw the boom box on the ground, breaking it into two pieces. Hernandez then kicked one piece of the boom box, took out his MK9-OC spray and sprayed Plaintiff in the face, neck, and chest while calling him names. Plaintiff was subsequently placed in restraints and taken to administrative segregation. Plaintiff later learned that Hernandez filed a false report against him stating that Plaintiff had assaulted Hernandez with the boom box. Plaintiff asserts that as a result of this incident, Plaintiff suffered permanent damage to his eyes and remained in the SHU for eighteen months. Liberally construed, Plaintiff raises cognizable claims of excessive force and a violation of due process.

Plaintiff also alleges that N. Grannis improperly rejected his administrative appeal as untimely. However, there is no constitutional right to a prison administrative appeal or grievance system. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). A provision that merely provides procedural requirements, even if mandatory, cannot form the basis of a constitutionally cognizable liberty interest. *See Smith v. Noonan*, 992 F.2d 987, 989 (9th Cir. 1993). Thus, Plaintiff's claim against Grannis is DISMISSED for failure to state a claim.

C.   Request for Appointment of Counsel

Plaintiff's request for appointment of counsel is DENIED for want of exceptional

circumstances. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997); *see also Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981) (there is no constitutional right to counsel in a civil case). The issues in this case are not particularly complex and Plaintiff has thus far been able to adequately present his claims. This denial is without prejudice to the Court's sua sponte appointment of counsel at a future date should the circumstances of this case warrant such appointment.

## CONCLUSION

For the foregoing reasons, the court hereby orders as follows:

1. Defendant Grannis is DISMISSED from this action.

2. The Clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, copies of the amended complaint in this matter (docket no. 9), all attachments thereto, and copies of this order on **PRISON GUARD J. HERNANDEZ, BADGE NUMBER 68689** at **Kern Valley State Prison (Delano II), 3000 W. Cecil Avenue, Delano, CA 93215.** The Clerk shall also serve a copy of this order on Plaintiff and mail a courtesy copy of the amended complaint to the California Attorney General's Office.

2. No later than **ninety (90) days** from the date of this order, Defendant shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claims in the amended complaint.

   a. If Defendant elects to file a motion to dismiss on the grounds that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

   b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the court prior to the**

**date the summary judgment motion is due.**

3. Plaintiff's opposition to the dispositive motion shall be filed with the court and served on defendants no later than **thirty (30) days** from the date defendant's motion is filed.

   a. In the event Defendant files an unenumerated motion to dismiss under Rule 12(b), Plaintiff is hereby cautioned as follows:[1]

> The defendant has made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

   b. In the event Defendant files a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendant has made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

*See Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). *See Wyatt v. Terhune*, 315 F.3d at 1120 n.14.

(1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to defendant's motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial.  *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

    4.    Defendant <u>shall</u> file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

    5.    The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

    6.    All communications by the Plaintiff with the court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

    7.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order is required before the parties may conduct discovery.

For Plaintiff's information, the proper manner of promulgating discovery is to send demands for documents or interrogatories (questions asking for specific, factual responses) directly to Defendant's counsel.  *See* Fed. R. Civ. P. 33-34.  The scope of discovery is limited to matters "relevant to the claim or defense of any party . . ." *See* Fed. R. Civ. P. 26(b)(1).  Discovery may be further limited by court order if "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2).  <u>In order to comply with the requirements of Rule 26, before deciding to promulgate discovery plaintiff may find it to his benefit to wait until defendants have filed a dispositive motion which could include some or all of the discovery plaintiff might seek.</u>  In addition, no motion to compel will be considered

by the Court unless the meet-and-confer requirement of Rule 37(a)(2)(B) and N.D. Cal. Local Rule 37-1 has been satisfied. Because Plaintiff is detained, he is not required to meet and confer with Defendant in person. Rather, if his discovery requests are denied and he intends to seek a motion to compel he must send a letter to Defendant to that effect, offering him one last opportunity to provide him with the sought-after information.

8. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court and all parties informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:  8/26/2010

*Lucy H. Koh*
LUCY H. KOH
United States District Judge