IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD R. YORK, ) | No. C 09-6080 LHK (PR) |
|     Plaintiff, ) | ORDER DENYING MOTION FOR |
| v. ) | LEAVE TO FILE A MOTION FOR |
| J. HERNANDEZ, ) | RECONSIDERATION |
|     Defendant. ) | |

Plaintiff, a state prisoner proceeding *pro se*, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that Prison Guard J. Hernandez and Inmate Appeals Officer N. Grannis violated his constitutional rights. On August 26, 2010, the Court dismissed Defendant Grannis from the complaint because Plaintiff failed to state a claim against him, and ordered that the amended complaint be served on Defendant Hernandez. Specifically, the Court interpreted Plaintiff's complaint against Grannis as alleging that Grannis improperly rejected Plaintiff's administrative appeal as untimely. The Court dismissed Grannis because there is no constitutional right to a prison administrative appeal or grievance. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). On September 23, 2010, Plaintiff filed a motion to reconsider the dismissal of Grannis. On September 24, 2010, Defendant filed an opposition.

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5

F.3d 1255, 1263 (9th Cir. 1993). In the Northern District of California, no motion for reconsideration may be brought without leave of court.[1] *See* Civil L.R. 7-9(a). Under Civil Local Rule 7-9, the moving party must specifically show: (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order for which the reconsideration is sought, and that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the court to consider material facts which were presented to the court before such interlocutory order. *See* Civil L.R. 7-9(b).

In his motion, Plaintiff likens his case to that of another prisoner plaintiff who survived a motion for summary judgment in the Eastern District of California on his claim that a defendant ratified a policy of deliberate indifference to serious medical needs by automatically rejecting the plaintiff's administrative appeals.[2] *See Woods v. Carey*, 2006 WL 548190 (E.D. Cal. March 6, 2006). Here, Plaintiff asserts that his claim against Grannis should not be dismissed because he alleged that "Grannis had rejected his inmate appeal as untimely to prevent any further actions to be taken against prison guard J. Hernandez, and deprive the Plaintiff of any other relief that he may be entitled."

The Court is not persuaded. In *Woods*, the district court relied on *Williams v. Ellington*, 936 F.2d 881, 884-885 (6th Cir. 1991). In *Williams*, the Sixth Circuit discussed when municipal liability may be imposed through the action or inaction of municipal policymakers. *Id.* at 884. It analyzed a Supreme Court case which stated that when a challenged policy is not unconstitutional, there needs to be more proof than one single incident to establish both fault on the part of the municipality and the causal connection between such policy and the constitutional deprivation. *Id.* (quoting *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 824 (1985)). The Sixth

---

[1] The Court construes Plaintiff's motion for reconsideration as a motion for leave to file a motion for reconsideration.

[2] Eventually, that plaintiff went to trial and was awarded monetary damages.

1 Circuit concluded that even though the defendant School Board believed that school employees
2 were justified in conducting a challenged strip search, such acceptance was not a ratification
3 sufficient to show causation. *Williams*, 936 F.2d at 884-885.  Further, the court noted that there
4 was no history that the policy had been repeatedly or sporadically misapplied.  Finally, the court
5 stated that the board "cannot be held liable for the ratification of the search in question, because
6 this single, isolated decision can hardly constitute the moving force behind the alleged
7 constitutional deprivation."

8 First, this Court is not bound by the decisions of out-of-circuit cases, nor by decisions of
9 its sister district courts. *Cf. Hart v. Massanari*, 266 F.3d 1155, 1172-73 (9th Cir. 2001)
10 (discussing differences between controlling and persuasive authority).  Second, to the extent
11 Plaintiff is alleging that Grannis is similarly situated to the defendant in *Woods*, this argument is
12 unavailing.  In *Woods*, the district court concluded that the facts in the complaint, alleging that
13 the defendant repeatedly improperly screened appeals, could reasonably imply that the defendant
14 ratified a prison policy of being deliberately indifferent to prisoner plaintiff's dental needs.  In
15 contrast, here, Plaintiff alleges that Grannis improperly screened one appeal as untimely.  Based
16 on the allegation, it is not reasonable to infer that Grannis was ratifying any policy.  Third, even
17 assuming that Grannis improperly screened out Plaintiff's appeal, his allegations are too
18 conclusory to state a constitutional violation. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,
19 553-56 (2007) ("a plaintiff's obligation to provide the grounds of his entitle[ment] to relief
20 requires more than labels and conclusions, and a formulaic recitation of the elements of a cause
21 of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the
22 speculative level.") (internal quotation marks omitted); *see also Rhodes v. Robinson*, 408 F.3d
23 559, 567-68 (9th Cir. 2005) (listing the five elements of retaliation in the prison context).

24 In sum, Plaintiff does not demonstrate any factors that warrant reconsideration. 
25 Accordingly, Plaintiff's motion for leave to file a motion for reconsideration is DENIED.

26 IT IS SO ORDERED.

27 DATED:   10/27/2010                   _____
                                         LUCY H. KOH
28                                       United States District Judge

Order Denying Motion for Leave to File a Motion for Reconsideration
P:\PRO-SE\SJ.LHK\CR.09\York080rec.wpd            3