IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD R. YORK,<br><br>    Plaintiff,<br><br>  v.<br><br>J. HERNANDEZ,<br><br>    Defendant. | No. C 09-6080 LHK (PR)<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR CONTINUANCE; GRANTING DEFENDANT'S MOTION TO STAY DISCOVERY<br><br>(Docket Nos. 22, 24) |

Plaintiff, a state prisoner proceeding *pro se*, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that employees of Salinas Valley State Prison ("SVSP") violated his constitutional rights. After screening the amended complaint, the Court dismissed one defendant, and ordered that the amended complaint be served on Defendant Correctional Officer J. Hernandez. On November 24, 2010, Defendant filed a motion for summary judgment. On December 14, 2010, Plaintiff filed a motion for continuance. Defendant has filed an opposition. On December 16, 2010, Defendant filed a motion to stay discovery. Plaintiff has filed an opposition, and Defendant has filed a reply. For the reasons stated below, the Court GRANTS in part and DENIES in part Plaintiff's motion for a continuance, and GRANTS Defendant's motion to stay discovery.

///

///

**DISCUSSION**

A. <u>Motion for Continuance</u>

Federal Rule of Civil Procedure 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). It is a device for litigants to avoid summary judgment when the non-movant needs to discover affirmative evidence necessary to oppose the motion. *See Garrett v. San Francisco*, 818 F.2d 1515, 1518 (9th Cir. 1987). Rule 56(d) provides that a court may deny a summary judgment motion to permit discovery if it appears that a party cannot present facts essential to opposing the motion. Fed. R. Civ. P. 56(d). In making a Rule 56(d) motion, a party opposing summary judgment must make clear "what information is sought and how it would preclude summary judgment." *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998); *see, e.g., id.* at 853-54 (district court correctly denied motion for continuance to engage in further discovery under Rule 56(d) where plaintiff did not provide any basis or factual support for his assertions that further discovery would lead to the facts and testimony he described, and his assertions appeared based on nothing more than "wild speculation"). Rule 56(d) requires an affidavit which sets forth the information sought and how it would preclude summary judgment by creating a genuine issue of material fact. *See Hall v. Hawaii*, 791 F.2d 759, 761 (9th Cir. 1986). The requesting party must show (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery, (2) the facts sought exist, and (3) the sought-after facts are essential to oppose summary judgment. *Family Home and Finance Center, Inc. v. Federal Home Loan Mortgage Corp.*, 525 F.3d 822, 827 (9th Cir. 2008).

Here, Plaintiff argues that he should receive a continuance to file his opposition to the motion for summary judgment because he believes counsel for Defendant impeded his efforts to obtain discovery. However, it appears that, due to several misunderstandings,[1] he did not

---

[1] For example, Plaintiff claims that defense counsel failed to comply with Rule 26(a)(1)(A), which require parties to provide certain information to opposing parties without

attempt to request discovery from Defendant until December 8, 2010 -- more than three months after this Court issued its order of service, and after Plaintiff had already received Defendant's motion for summary judgment.

Plaintiff has not satisfied his burden under Rule 56(d). He has failed to demonstrate how "additional discovery would [] reveal[] specific facts precluding summary judgment," *see Tatum v. City and County of S.F.*, 441 F.3d 1090, 1101 (9th Cir. 2006), or how the sought-after facts are essential to oppose summary judgment, *Family Home and Finance Center, Inc.*, 525 F.3d at 827. The requested discovery is sought without explanation of what specific, material facts they will likely disclose. (Decl. York in Support of Mot. for Continuance, Ex. G.) Thus, Plaintiff's motion for a continuance is DENIED to the extent that it seeks additional time to conduct discovery.

However, in light of the fact that Plaintiff's motion for continuance was pending at the time his opposition to Defendant's motion for summary judgment was due, the Court will sua sponte GRANT Plaintiff a continuance in which to file his opposition to the motion for summary judgment. The Court notes that Defendant has construed Plaintiff's opposition to Defendant's motion to stay and for qualified immunity (docket no. 26) as Plaintiff's opposition to Defendant's motion for summary judgment, and has filed his reply. (Docket nos. 28, 29.) However, the Court does not construe Plaintiff's opposition to the motion to stay and for qualified immunity as his opposition to the motion for summary judgment.

Thus, Plaintiff is directed to file a separate opposition to Defendant's motion for summary judgment **no later than thirty days** from the filing date of this order. Defendants shall file a reply **fifteen days thereafter**, or notify the Court that it will stand on its February 3, 2011 reply (docket nos. 28, 29).

B.     Motion for Stay of Discovery

Defendant filed a motion to stay discovery pending a ruling on his motion for summary

---

waiting for a discovery request. (Doc. No. 26 at 8.) Fed. R. Civ. P. 26(a)(1)(A). However, because plaintiff is proceeding pro se, and is in custody of the State, Rule 26(a)(1)(A) does not apply. *See* Fed. R. Civ. P. 26(a)(1)(B).

1  judgment. A district court has broad discretion to stay discovery pending the disposition of a
2  dispositive motion. *See Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir.
3  1985). However, motions to stay discovery are not favored where resolution of the dispositive
4  motion may not dispose of the entire case. *Id.* Here, should Defendant's motion for summary
5  judgment be granted, it would dispose of the entire case. Moreover, the Court should stay
6  discovery until it resolves the question of qualified immunity. *See Crawford-El v. Britton*, 523
7  U.S. 574, 598 (1998). Accordingly, the Court GRANTS Defendant's motion to stay discovery
8  until disposition of Defendant's motion for summary judgment.

9  C.     Miscellaneous

10  Plaintiff requests this Court to issue its own subpoenas to obtain unspecified documents
11 and records and take them into consideration when reviewing Defendant's motion for summary
12 judgment. (Doc. No. 26 at 9-10.) In general, the Court will not interfere with discovery matters
13 unless and until the parties have satisfied the "meet and confer" requirements of the discovery
14 rules. *See* Fed. R. Civ. P. 37(a)(2)(A) (providing that a motion to compel must include
15 certification that the movant has in good faith conferred or attempted to confer with non-
16 disclosing party in an effort to secure disclosure without court action). Moreover, federal courts
17 do not conduct discovery for the parties. The Court cannot compel nonparties to provide
18 Plaintiff with information, but can order them to produce documents if properly requested. *See*
19 Fed. R. Civ. P. 34(c), 45(a). Accrordingly, Plaintiff's request for the Court to conduct or assist
20 in obtaining any discovery is DENIED.

21  Plaintiff also complains that Defendant has not given him a copy of his corrected
22 deposition transcript, and that Defendant has not submitted the corrected version of the transcript
23 in support of his motion for summary judgment. (Doc. No. 26 at 10.) The Court notes that
24 Defendant has since filed Plaintiff's handwritten corrections as an attachment to defense
25 counsel's declaration (doc. no. 29), which was served upon Plaintiff on February 3, 2011.

26  **CONCLUSION**

27  Plaintiff's motion for a continuance is GRANTED in part and DENIED in part.

28

Order Granting Defendants' Motions for Extension of Time to File Dispositive Motion as Moot; Order Granting
Motion to Stay Discovery
P:\PRO-SE\SJ.LHK\CR.09\York080contstay.wpd

4

1  Plaintiff's opposition to Defendant's motion for summary judgment shall be filed **no later than**
2  **thirty days** from the filing date of this order.  Defendants shall file a reply **fifteen days**
3  **thereafter**, or notify the Court that it will stand on its February 3, 2011 reply (docket nos. 28,
4  29).
5         Defendant's motion for a stay of discovery is GRANTED.
6         This order terminates docket numbers 22 and 24.
7         IT IS SO ORDERED.
8  DATED:   2/25/11                          _____
                                              LUCY H. KOH
9                                             United States District Judge

Order Granting Defendants' Motions for Extension of Time to File Dispositive Motion as Moot; Order Granting
Motion to Stay Discovery
P:\PRO-SE\SJ.LHK\CR.09\York080contstay.wpd      5